IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LUXE 55, LLC )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL O. REICH, INC., D/B/A )<br>REICH PAPER )<br>)<br>Defendant. )<br>  ) | CIVIL ACTION NO.: 2:15-cv-01235-DCN<br><br>Jury Trial Demanded |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff LUXE 55, LLC (hereinafter, "Luxe" or "Plaintiff") for its Complaint against Defendant DANIEL O. REICH, INC., D/B/A REICH PAPER (hereinafter, "Reich" or "Defendant") alleges as follows:

1.  This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

**PARTIES**

2.  Plaintiff Luxe is a limited liability company organized and existing under the laws of the State of Nevada, having a principal place of business in Charleston County, South Carolina at 359-A Wando Place Drive, Mount Pleasant, South Carolina 29464.

3.  Upon information and belief, Defendant Reich is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 7518 Third Avenue, Brooklyn New York 11209.

**JURISDICTION AND VENUE**

4. Defendant Reich has alleged that Plaintiff Luxe has violated federal and state trademark, dilution and unfair competition laws, and Defendant Reich has threatened to enforce its alleged rights against Plaintiff Luxe. In particular, Reich asserts that Luxe's use of the word "SHINE" in connection with its gold rolling papers and other paper-based smoking accessories violates Reich's alleged rights in U.S. Trademark Registration No. 2770075 and its alleged common law rights in the SHINE mark. These allegations, which Luxe denies, have created an actionable and justiciable controversy concerning the rights of, and legal relations between, Plaintiff and Defendant of sufficient immediacy and reality to warrant declaratory relief from this Court.

5. This Court has jurisdiction over the subject matter of this action on at least the following grounds:

(a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

(b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

(c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged trademark rights.

6. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

7.      This Court has personal jurisdiction over Defendant Reich pursuant to S.C. Code Ann. § 36-2-803.  On information and belief, Defendant Reich is subject to personal jurisdiction in this State and District.  Additionally, a substantial part of the events giving rise to the claim involved in this action are located in this State and District.

8.      Based on the foregoing, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9.      On or about January 20, 2015, counsel for Defendant Reich sent a letter to Plaintiff alleging that Reich is the owner of the U.S. Trademark Registration No. 2770075 for the SHINE mark covering *"printing paper; writing paper; envelopes; art paper; craft paper; luminous paper; and fluorescent paper"* in International Class 16.  In its letter, Reich accuses Luxe of violating trademark (federal and common law), dilution, and unfair competition laws by using the word "SHINE" in connection with its gold rolling papers and other paper-based smoking accessories and registering the domain name "http://shinepapers.com/" through which Luxe is marketing and selling its products.  Reich demands that Luxe surrender its domain name and immediately cease any use of the SHINE mark, under threat of legal action from Reich.

10.     Specifically, Defendant Reich's letter stated the following:

"U.S. Reich Paper owns U.S. Trademark Registration No. 2770075 for **SHINE** covering *'[p]rinting paper; writing paper; envelopes; art paper; craft paper; luminous paper; and fluorescent paper'* in Class 16 . . . Due to the longstanding use and well-known nature of Reich Paper's **SHINE** mark, the mark has become famous and, in the mind of the consumers, uniquely indicate Reich Paper as the source of goods bearing the **SHINE** mark . . .

It has come to Reich Paper's attention that your company, [Plaintiff], is using the mark SHINE in connection with its gold rolling papers, 'blunt wraps' and other paper-based smoking accessories . . .

3

> Any registration or use by [Plaintiff] of SHINE, or any terms confusingly similar thereto, in connection with paper or related goods and accessories causes serious injury to our client, confuses and misleads the consuming public as to the source and origin of [Plaintiff's] goods and suggests a connection with our client which [Plaintiff] does not have. Accordingly, any use by [Plaintiff] of SHINE, or any terms confusingly similar thereto, on or in connection with such goods constitutes trademark infringement and is a violation of federal and state trademark, dilution and unfair competition laws.
>
> United States federal and state laws provide for significant penalties for such conduct, including injunctive relief, your client's profits, our client's damages and attorney's fees, all of which our client is entitled to.
>
> . . . our client is willing to take legal action to vindicate its rights and safeguard its investment in and the reputation of its SHINE mark . . . To that end, and in order to avoid any likelihood of consumer confusion with or dilution of Reich Paper's registered mark, Reich Paper requests that [Plaintiff] surrender the domain name http://shinepapers.com/ and immediately cease any use of the SHINE mark, SHINE PAPERS name, and any other marks which are confusingly similar to Reich Paper's SHINE mark."

11.     Plaintiff Luxe disagrees with Reich's assertion of trademark rights and denies Reich's allegations of trademark infringement, dilution, and unfair competition against Plaintiff Luxe.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT REGARDING ALLEGATIONS**
**BY DEFENDANT REICH**

12.     Plaintiff incorporates by reference paragraphs 1-11 as if set forth fully herein.

13.     Plaintiff Luxe has not violated any purported rights of Defendant Reich, and is not liable to Defendant Reich for trademark infringement (either federal or common law), dilution, or unfair competition or any other federal, state, or common law causes of action, in law or in equity.

4

14. There is an actual and substantial controversy between Plaintiff Luxe and Defendant Reich of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Reich has made a threat to Plaintiff's business by accusing Plaintiff of unlawful actions and demanding that Plaintiff surrender certain property and cease from certain business activities. Defendant Reich's threats are sufficient to create a reasonable apprehension of suit under federal, state and/or common law laws.

15. These allegations place a cloud over Plaintiff Luxe's business, and in particular its right and ability to register and use the word "SHINE" with its business and products, and will cause uncertainty among customers, prospective customers and others in the marketplace, likely leading Plaintiff to lose revenues and/or business opportunities.

16. Plaintiff Luxe is entitled to a judgment declaring that its use of the word "SHINE" in conjunction with its products, marketing, advertising, and domain names is lawful, and declaring that Luxe has not violated any trademark, dilution, or unfair competition laws, any purported trademark rights of Defendant Reich, and any other federal, state or common law laws.

WHEREFORE, Plaintiff Luxe prays for judgment:

A. Declaring that Plaintiff Luxe's registration and use of the word "SHINE" in conjunction with its products, marketing, advertising, and domain names is lawful, and declaring that Luxe has not violated any trademark, dilution, or unfair competition laws, any purported trademark rights of Defendant Reich, and/or any other federal, state or common law laws;

B. Granting Plaintiff Luxe its costs and reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff Luxe hereby demands a trial by jury on all issues so triable.

This 17th day of March, 2015.

Respectfully submitted,

/s/ Joseph T. Belton
Joseph T. Belton, USDC Bar #9253
Moore & Van Allen PLLC
78 Wentworth Street
Post Office Box 22828
Charleston, SC  29413-2828
T (843)579-7000
F (843)579-7099
josephbelton@mvalaw.com

ATTORNEYS FOR PLAINTIFF

CHARLESTON, SC